UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  4:05-CR-19-06-SEB-MGN |
| ) | |
| GANINE M. HOARD ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on March 8, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on March 8, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).  All proceedings were held on April 14, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.   Ms. Hoard appeared in person and with CJA Counsel, Brendan McLeod.   The Government appeared by Josh Minkler, Assistant United States Attorney.   U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On April 14, 2010, Brendan McLeod, CJA Counsel, was present to represent Ms. Hoard in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Hoard and her counsel. The Magistrate Judge summarized the alleged violations and, further, Ms. Hoard and her counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Ms. Hoard was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Hoard was informed that she would have the right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Hoard was afforded the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. Ms. Hoard was informed that, if the preliminary hearing resulted in a finding of probable cause that Ms. Hoard had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing.

7. Ms. Hoard, by counsel, stated her readiness to waive the preliminary hearing and to proceed with the revocation hearing. Ms. Hoard then waived, in writing, the preliminary hearing.

8. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

(a) As to Violation Numbers 1 thru 7 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that she had violated these conditions. As to the violations concerning contact with Todd Sipe, the defendant admits contact with Mr. Sipe, but notes that this contact was due to a life-long friendship and not for the purpose of criminal activity.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve fifteen (15) months of imprisonment with twenty-one (21) months of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 7 of said Petition. The Court then placed Ms. Hoard under oath and inquired of her whether she admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Ms. Hoard admitted the violations contained in Violation Numbers 1 thru 7. The Court specifically inquired of Ms. Hoard whether she was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Ms. Hoard that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Ms. Hoard answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 7. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

2   "The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."

3   "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

On July 25, 2008, the defendant admitted consuming a Xanax pill without a prescription. This violation was previously reported to the court (see petition dated October 16, 2008).

On February 25, 2010, a search was conducted of the offender's residence and vehicle. In her purse, officers discovered a marijuana joint and a partially consumed marijuana joint in a small billfold; rolling papers in the glove compartment; and a recent letter from Marcelino Rodriguez, an inmate in the Indiana Department of Correction. During the search, the offender admitted possessing and consuming the marijuana.

On February 26, 2010, this officer interviewed the offender, who stated she began selling Lortab pills "not even six months ago...40 pills each...on three different occasions" in Lawrenceburg, Indiana. In total, she recalled selling 120 pills for $300 ($100 per quantity of 40 pills). She reported dealing pills "for extra money" and recalled the last transaction was on February 11, 2010. Her behavior was reported to the Lawrenceburg Police Department, and an investigation is ongoing.

4   "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

5   "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

The defendant was found in possession of a cellular telephone, which she admitted owning for "a couple of months." It is noted this officer specifically asked if she possessed a cellular phone during office appointments on February 17, 2010, and December 22, 2009. On both occasions she emphatically denied carrying, owning, or using a cellular phone. Furthermore, she submitted monthly report forms in December 2009 and January 2010, which omitted information pertaining to her cellular phone despite a specific prompt. As a response to the prompt, the offender replied, "N/A." A search of the cellular phone revealed routine telephone calls and text messaging. It is also noted the offender's sister (and housemate) secretly text messaged the offender at work to warn her of the search. Upon meeting the offender, officers discovered her walking towards her vehicle. She later admitted that, based on her sister's tip, she was planning to "hide the marijuana." It should be noted the offender's sister gave her the marijuana.

On each monthly report form, the offender is prompted to enter the names of any criminals with whom she had contact. She omitted information pertaining to her correspondence with Todd Sipe, a Bureau of Prisons inmate convicted of drug trafficking charges in this district in 2007, and Marcelino Rodriguez.

6     **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

During the search, officers discovered a picture of Todd Sipe on her dresser, along with a letter from Sipe, responding to a letter she recently sent to him. The offender later admitted conversing with Sipe by telephone and writing letters to him on three occasions. Additionally, the offender admitted selling Lortab pills to an individual in Lawrenceburg, Indiana, on three occasions.

7     **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

On February 27, May 19, October 13, and November 11, 2009, and January 25, 2010, the offender submitted diluted samples during drug testing.

10. Based on the information available to the Court, the Court further finds the following:

5

1) Ms. Hoard has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Hoard constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A) upon revocation of supervised release, the range of imprisonment applicable to Ms. Hoard is 15-21 months.

4) The appropriate disposition for Ms. Hoard's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of fifteen (15) months.

   (b) Following the fifteen-month term of imprisonment, the defendant shall be placed on supervised release for a period of twenty-one (21) months.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of her supervised release as set forth in Violation Numbers 1 thru 7 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Ms. Hoard shall be committed to the Bureau of Prisons to serve a term of imprisonment of fifteen (15) months. Following the fifteen-month term of imprisonment, the defendant shall be placed on supervised release for a period of twenty-one (21) months. The Court recommends that the defendant's term of imprisonment be served at the Federal Medical Center in Lexington, Kentucky, or at a facility as close to New Albany, Indiana, as possible. The defendant shall self surrender to the Bureau of Prisons to begin service of her sentence as notified by the U.S. Probation Office.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Ms. Hoard's supervised release.

**IT IS SO RECOMMENDED** this ___19th___ day of April, 2010.

Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
josh.minkler@usdoj.gov,usains.ecf-criminal@usdoj.gov,shirley.white2@usdoj.gov

Brendan Joseph McLeod
JUDAH-MCLEOD PLLC
mcleod@kycrimlaw.com

U.S. Marshal

U.S. Probation Office